# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LYNN A. PADGETT,** | : | **CIVIL NO. 1:19-CV-818** |
| | : | |
| **Plaintiff** | : | **(Chief Judge Conner)** |
| | : | |
| v. | : | |
| | : | |
| **JOHN WETZEL, SHIRLEY** | : | |
| **MOORE-SMEAL, JON LOGAN,** | : | |
| | : | |
| **Defendants** | : | |

## **MEMORANDUM**

Plaintiff Lynn Padgett ("Padgett"), an inmate confined at the State Correctional Institution, Mahanoy, in Frackville, Pennsylvania, ("SCI-Mahanoy"), initiated this action against John Wetzel, Shirley Moore-Smeal, and Jon Logan. (Doc. 1). Presently pending before the court is a Rule 12(b) motion (Doc. 10) to dismiss filed by defendants Wetzel and Moore-Smeal. For the reasons set forth below, the court will grant the motion. The court will also dismiss the action against Jon Logan pursuant to Federal Rule of Civil Procedure 4(m).

## I.      Allegations of the Complaint

Padgett accuses defendants of committing twenty-three (23) separate offenses. (Doc. 1, ¶ 5). He alleges that the Department of Corrections ("DOC") has a policy that prevents him from filing complaints on behalf of other inmates. (Id. at ¶ 6). He further avers that he is "currently exhausting administrative remedies" through the DOC's inmate grievance process. (Id. at ¶ 9). For relief, Padgett requests that the court issue "warrants of arrest or summons" and that the

"accused" be required to answer the charges he has lodged against them. (Id. at ¶ 10).

## II. Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint in the face of a Rule 12(b)(6) motion, the court must conduct a three-step inquiry. See Santiago v. Warminster Twp., 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal

2

elements of a claim should be separated; well-pleaded facts must be accepted as true, while mere legal conclusions may be disregarded. Id.; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the well-pleaded factual allegations have been isolated, the court must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

### III. Discussion

Padgett seeks to bring criminal charges against the defendants and explains that the instant action "was intended to be a 'private criminal complaint.'" (Doc. 12). He acknowledges that the nature of his allegations are not proper § 1983 claims. (Id.) Padgett further concedes that he did not exhaust the available administrative remedies prior to initiating this action. (Id.)

42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, deprives an individual of rights secured by the Constitution or by federal statute. See Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990). Padgett may not use this civil lawsuit as a vehicle for instituting a criminal prosecution against the named defendants. As a private citizen, Padgett lacks standing to bring criminal charges. See Johnson v. U.S. Dept. of Justice, 541 F.

3

App'x 160, 161-62 (3d Cir. 2013) ("'a private citizen lacks a judicially cognizable interest in the prosecution . . . of another.'") (ellipsis in original) (quoting Linda R.S. v. Richard D., 410 U.S. 614, 619, (1973)). Furthermore, the court has no authority to grant, as relief, the initiation of any criminal prosecution against defendants. It is well-established that decisions regarding the filing of criminal charges are the prerogative of the executive branch of government and are assigned to the sound discretion of prosecutors. See Wayte v. United States, 470 U.S. 598, 607, 105 S.Ct. 1524, 84 L.Ed.2d 547 (1985) (recognizing that the exercise of prosecutorial discretion is a matter "particularly ill-suited to judicial review"). As such, Padgett may not seek relief in the form of an order directing the criminal prosecution of defendants. See Sanders v. Downs, 420 F. App'x 175, 180 (3d Cir. 2011) ("[T]he District Court correctly reasoned that there is no constitutional right to the investigation or prosecution of another."). For these reasons, the complaint will be dismissed.

## IV.     **Federal Rule of Civil Procedure 4(m)**

Rule 4(m) sets forth the following time frame a plaintiff has to serve a defendant with the summons and copy of the complaint:

> If a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m).

Defendant Jon Logan was named in the complaint that was filed on May 5, 2019 and, to date, has not been served in this case. The court must engage in a two-

4

step process in determining whether to dismiss the non-served defendant or grant Padgett additional time to effect service. "First, the district court should determine whether good cause exists for an extension of time. If good cause is present, the district court must extend time for service and the inquiry is ended. If, however, good cause does not exist, the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service." Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1305 (3d Cir. 1995). Good cause requires good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance with the time specified in the rules. MCI Telecomm. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir. 1995). In determining whether good cause exists, a court's "primary focus is on the plaintiff's reasons for not complying with the time limit in the first place." Id. Although prejudice is a factor to be considered, the absence of prejudice to the opposing party alone does not constitute good cause to excuse late service. Id.

In the present matter, Padgett failed to establish good cause. Padgett's *pro se* status is not good cause to excuse his failure to timely serve this defendant. Veal v. United States, 84 F. App'x 253, 256 (3d Cir. 2004). Additionally, Padgett failed to timely request an enlargement of time to serve this defendant. See McCurdy v. Am. Bd. of Plastic Surgery, 157 F.3d 191, 196 (3d Cir. 1998) (noting that good cause is generally established when a plaintiff moves for an extension of time before the expiration of the 120 days service period). Thus, the court finds that Padgett failed to establish good cause.

5

If a plaintiff cannot show good cause for his failure to serve the defendant within ninety days, a district court may either dismiss the defendant, or exercise its discretion to order that service be made within a specific time. Petrucelli, 46 F.3d at 1305; see also FED. R. CIV. P. 4(m). It is Padgett's responsibility to properly identify all defendants, and provide accurate mailing addresses for the defendants, in a timely fashion. (See Doc. 5, ¶ 3) (advising Padgett that failure to properly name a defendant, or provide an accurate mailing address for a defendant, may result in dismissal of the claims against that defendant pursuant to Federal Rule of Civil Procedure 4(m)). Because Jon Logan has not been served within ninety days of the date on which he was named as a defendant in this action, he will be dismissed from this action pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

## V.     **Leave to Amend**

The court recognizes that the sufficiency of this *pro se* pleading must be construed liberally in favor of Padgett. See Erickson v. Pardus, 551 U.S. 89 (2007). The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted). Consequently,  a complaint should not be dismissed with prejudice for failure to state a claim without granting leave to amend, "unless such an amendment would be inequitable or futile." Phillips v. Cty. of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008) (citing Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004)).  Based on the nature of the allegations, it is clear that affording Padgett leave to amend would be futile.

## VI. Conclusion

Based on the foregoing, the court will grant defendants' motion and dismiss the complaint. An appropriate order shall issue.

          /S/ CHRISTOPHER C. CONNER
          Christopher C. Conner, Chief Judge
          United States District Court
          Middle District of Pennsylvania

Dated:     August 12, 2019